[No. 481. September 30, 1893.]

## UNITED STATES OF AMERICA, APPELLEES, v. ELIAS VIGIL, APPELLANT.

MISDEMEANORS, WHAT CONSTITUTE—VIOLATION OF UNITED STATES ELECTION LAWS—PROSECUTION IN TERRITORIAL COURT—JOINDER OF OFFENSES.—On a prosecution, on indictment, in a territorial court for a violation of the United States election laws, where the question is whether the offense charged is a felony or misdemeanor, it is to be determined by reference to the laws of the United States, not of the territory. All acts, other than felonies, which have been made offenses by statutes, and are not per se wrong, are to be deemed misdemeanors, unless expressly declared to be felonies in the laws creating them, and, as such, may be joined in the same indictment; and the court may, in such case, properly refuse to compel the prosecution to elect upon which count it will proceed.

ID.—SUFFICIENCY OF INDICTMENT—REV. STAT. U. S., SEC. 5515, CONSTRUED.—In an indictment, under section 5515, Revised Statutes of the United States, making it an offense, among other things, to neglect or refuse to make and return the certificate of election as required by law, or to refuse to perform any other duty required by this sec-

tion or any other section of the statute, it is sufficient to allege the duty imposed, its undertaking, and the intentional refusal of the accused to perform it. Allegations, in such indictment, that the acts charged were willfully and maliciously done, are mere surplusage, and unnecessary.

APPEAL from a judgment of the Second Judicial District Court, convicting defendant of a violation of duty, as an election officer, under the United States election laws.    Judgment affirmed.

The facts are stated in the opinion of the court.

NEILL B. FIELD for appellant.

EUGENE A. FISKE, United States district attorney, for the United States.

SEEDS, J.—This was a criminal proceeding upon an indictment containing two counts, charging that the appellant was a duly qualified election officer at an election being held in a certain precinct in Valencia county, at which a member of congress was being voted for, and that, as such officer, it being his duty to make a correct certificate of the votes cast in the precinct, together with two other like officers, he knowingly, willfully, and maliciously, refused to make any certificate; and that he knowingly, willfully, and maliciously refused and neglected to close said election at the proper time, it being his duty so to do.    There was a jury trial, and the defendant was found guilty.    From the judgment of the court he has taken his appeal to this forum.

From the record it appears that before the introduction of the evidence or impaneling of the jury the defendant moved the court to compel the United States to elect upon which count of the indictment it would proceed.    The court sustained the motion, but the United States attorney refused so to elect, and proceeded to put in his evidence without reference to the requirement of the court, though the defendant con-

tinued to object to the procedure. But after the United States had put in its testimony the court changed its ruling upon this point, and held that the United States did not have to elect. The defendant, by proper motions, insisted that the indictment failed to allege a crime under the laws of the United States, but this position was overruled by the court. It appears from the evidence that the defendant got into an altercation with the two other officers about the manner of conducting the election, and about 3 o'clock in the afternoon left the polls, and refused to return or have anything more to do with the proceedings of the election. It was attempted to be shown that he had been drinking hard that day, and that from that cause he could not be found guilty, as it was necessary to have the element of intention and willfulness present to constitute the crime. The court instructed the jury that drunkenness was no excuse for crime, and would not be in this case. The defendant objects to the instruction, because, while generally it was a correct statement of the law, it was not such as was applicable to the facts of this case. There are, therefore, but three questions of serious import raised by this record, which we are required to pass upon: (1) Was it error to refuse to compel the United States to elect upon which count it would proceed? (2) Did the indictment allege a crime or offense? (3) Was the instruction upon the question of drunkenness a proper one?

The indictment was predicated upon section 5515 of the Revised Statutes of the United States. This section, together with the whole chapter, MISDEMEANORS, what constitute: violation of United States election laws: prosecution in territorial court: joinder of offenses. has for its object the protection of the elective franchise. In the section there are enumerated several distinct offenses, two of which it has been endeavored to set out in this indictment. The defendant insists that the two offenses are each a felony, and can not be joined in one

indictment, so as to compel him to go to trial upon them, especially where he has seasonably moved to have the prosecution elect upon which it will proceed. Upon the other hand, the United States says that the two offenses are not felonies, but simply misdemeanors, and that they can be joined in the same indictment. The defendant says that a felony, in this territory, is a public offense punishable with death, or which is, or in the discretion of the court may be, punishable by imprisonment in the penitentiary or territorial prison, or any other public offense which is or may be expressly declared by law to be a felony. Section 669, Compiled Laws, New Mexico. If this statute was controlling in this case, there could be no question but that the contention of the defendant was correct. This is a prosecution, however, in a territorial court, of an offense against a law of the United States, not of the territory. The quoted section has reference primarily to offenses made such by the territorial legislature. It is true that the supreme court of the United States has repeatedly held that in the trial of United States offenses in territorial courts all of the procedure is to be regulated by the territorial legislature. Hornbuckle v. Toombs, 18 Wall. 648. But this provision does not have reference to procedure, but characterizes an offense. A felony is supposed to be more heinous than a misdemeanor, and carries with it greater disaster to the reputation and character of the accused. The United States can say what are and what are not felonies, and it does not rest in the power of the territorial legislature to change or alter that offense, simply because the congress of the United States has seen fit to provide that in the territories the courts thereof shall take jurisdiction and try offenses against the laws of the United States. The right of the territorial legislature to provide the procedure and pleadings for its courts can not be considered as implying the right to change the nature

of an offense, as decreed by another and competent authority. This being true, the question is, what were the offenses alleged in this indictment,—misdemeanors or felonies. There are, undoubtedly, in contemplation of the laws of the United States, felonies as at common law, such as murder, and treason, though not specifically so denominated. A reading of certain statutes, as sections 5346, 5390, Revised Statutes, United States, seems to show that there are offenses which are felonies, because they were such at common law. All acts, though, other than these, which have been made offenses by statute, and were not per se wrong, are considered misdemeanors simply, unless specifically denominated felonies in the respective laws creating them. U. S. v. Belvin, 46 Fed. Rep. 381. The offenses covered by this indictment are not denominated felonies by the law creating them, and are, therefore, misdemeanors. Misdemeanors can be joined in the same indictment, and it is not error for the court to refuse to compel the prosecution to elect upon which count it will proceed, but it may proceed upon all the counts in the same trial. 4 Am. and Eng. Encyclopedia of Law, 756.

It is next urged that the the indictment fails to allege any offense known to the law. It is usually, in cases of statutory offenses, only necessary to allege the offense in the words of the statute. Whart. Crim. Pl. & Pr., sec. 220. The section 5515, under which the indictment is drawn, makes it. an offense, among other things, to neglect or refuse to make and return the certificate of election as required to be done by the law, and to refuse to perform any duty provided for by this section or any other section of the law. The indictment specifically charges that the defendant did refuse to perform his duties, and the nature of those duties which he refused to perform. It is insisted, however, that the indictment ought to have alleged that by reason of the

*[margin note:* SUFFICIENCY of indictment: Rev. Stat. U. S. sec. 5515, construed.*]*

defendant's wrongdoing the other election officers could not perform their duties; that no certificate could be made by a majority of the officers; that no certificate was actually made; that the polls were not actually closed at 6 o'clock P. M.; that some qualified elector was prevented from voting by the omission of the defendant. But this contention can not be sustained. The law cast a duty, simply, upon the defendant, which he undertook to perform; and the law provides if he intentionally refuses to perform that duty thus undertaken he should be punished for it. Therefore, it is only necessary to allege the duty, its undertaking, and the intentional refusal to perform it, to meet the requirements of good pleading. U. S. v. Britton, 107 U. S. 655. It appears that in this indictment it is alleged that the acts were done willfully and maliciously. It was not necessary to make these allegations, for, if the acts were done knowingly, that was sufficient to constitute the offense. The rest was surplusage. The defendant contends that the instruction as to drunkenness excusing crime, while technically correct, was erroneous here, for, if the defendant was drunk when he did the acts complained of, he could not have done them willfully and maliciously. It is unnecessary to pass upon that phase of this contention, as the instruction was correct, in view of all that the prosecution was called upon to prove in order to sustain a conviction. Finding no error in the record, the judgment of the lower court is affirmed.

O'BRIEN, C. J., and FREEMAN, J., concur.